# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DEAN BRYAN DAVIDSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-897 JMB |
| ) | |
| MARK STRINGER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Dean Bryan Davidson for leave to commence this civil action without prepayment of the required filing fee.[1] Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that

---

[1] Although plaintiff failed to file a motion to proceed in forma pauperis in this action, the Court takes judicial notice of the motion to proceed in forma pauperis filed in a second case filed by plaintiff simultaneously with this one. *See Davidson v. State of Missouri*, No. 4:22-CV-898 NAB (E.D.Mo.).

requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently committed to the Southeast Missouri Mental Health Center (SMMHC) in Farmington, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names Missouri Department of Mental Health Director Mark

Stringer; Chief Operating Officer of the SMMHC Denise Hacker; and the State of Missouri. Defendants are sued in their official capacities.

Plaintiff's Statement of Claim alleges as follows:

I was falsely diagnosed as being an excessive fluid drinker for six years from 2012-2018. Because they had prescribed me desmopressin that critically lowered my sodium. So it's the reason why I'm still here. Because they thought I needed to be supervised for my fluids. And I was put on a fluid restriction so low I couldn't drink with all my meals. But even though my fluids were restricted, my sodium was still critically low, so I thought if it wasn't a medication, it was something wrong with me. They didn't believe me when I told them that I didn't drink any more than restriction allowed. It was prescribed here at the Southeast Missouri Mental Health Center after it almost killed me once before at FSH on 6/6/2007. It caused a seizure and fall putting me in a coma for a couple of weeks with brain trauma. But the doctor back then [Dr. Sternberg] failed to report that I was taking it to the University Hospital at One Hospital Drive in Columbia, Missouri 65212. But now ever since it was discontinued on 6/8/18 my sodium was and has been excellent. So now what they thought to be true about my fluids no longer is. But for six years the doctors here at the SMMHC failed to check and see if my hyponatremia (low sodium) was a medication. It gave me diabetes & I was prescribed Metformin for it on 8/3/2016. And it also caused hypertension. And now since they thought I needed to be supervised for my fluids it's why I'm still here. It also caused an altered mental status.

For a long time they tampered with my legal mail. They opened it, read it and then disposed of it without allowing me to know of its contents. And they won't allow me to get my medical record evidence.

Plaintiff states his belief that he is entitled to "restitution of one million dollars for… suffering, anguish, loss of good time, disability and future medical expenses."

## Plaintiff's Relevant Litigation History

On July 21, 2017, plaintiff filed an action against Southeast Missouri Mental Health Center, Denise Boyde and Fulton State Hospital in this Court pursuant to 42 U.S.C. § 1983. *Davidson v. Southeast Mental Health Center*, No. 4:17-CV-2076 RLW (E.D.Mo). In his complaint, plaintiff asserted: (1) he had been wrongfully detained; (2) "staff" had opened and read his legal mail at the mental health center and at Fulton State Hospital (including that social worker Denise Boyde had

3

read his general mail); (3) he had been slandered and humiliated religiously; and (4) his reputation as an ordained minister had been ruined. The District Court dismissed the action on August 23, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eighth Circuit Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction on July 19, 2018. *Davidson v. Southeast Missouri Mental Center*, No. 18-2208 (8th Cir. 2018).

On July 21, 2017, plaintiff filed an action against Southeast Missouri Mental Health Center, Denise Boyde, Dewane Robertson, Sonya Gammon and Cherrie McCord in this Court pursuant to 42 U.S.C. § 1983. *Davidson v. Southeast Mental Health Center*, No. 4:17-CV-2078 ACL (E.D.Mo). In his complaint, plaintiff asserted: (1) he was being held at the mental health center illegally because he was "not a psychotic;" (2) officials were discriminating against him based on his Native American heritage; (3) defendants were confiscating his mail which has resulted in the dismissal of his legal cases, including the loss of patents worth thousands of dollars; and (4) his reputation as an ordained minister had been damaged. The District Court dismissed the action on July 31, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eighth Circuit Court of Appeals dismissed plaintiff's appeal for lack of jurisdiction on July 19, 2018. *Davidson v. Southeast Missouri Mental Center*, No. 18-2227 (8th Cir. 2018).

On August 11, 2017, plaintiff filed an action against Jaimie Walker, Jannet Latty, Karen Dastle, Jermie Wisdom, and Dr. Sternberger pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. *Davidson v. Walker*, No. 2:17-CV-4147 FJG (W.D.Mo). In his complaint, plaintiff asserted: (1) he was misdiagnosed as incapacitated in 2007 due to side effects of a medication called desmopressin; (2) Dr. Sternberg committed malpractice by failing to report he was taking desmopressin to the trauma center, thus he was prescribed desmopressin again and it lowered his sodium; and (3) he should be granted release from the

Missouri Department of Mental Health due to the fact that he was no longer taking desmopressin; and (4) defendants Hacker, Waller, Latty, Gammon, Hintz and Robertson may or may not have tampered with his mail. The District Court dismissed the action on August 23, 2017, pursuant to 28 U.S.C. § 1915(e)(2)(B).

On January 22, 2018, plaintiff filed an action against Fulton State Hospital, Southeast Missouri Mental Health Center, Stephen Hawke and Denise Boyde in this Court pursuant to 42 U.S.C. § 1983. *Davidson v. Fulton State Hospital*, No. 4:18-CV-103 RLW (E.D.Mo.). In his complaint, plaintiff asserted: (1) he was being wrongfully detained; (2) staff may have opened and read his mail, including Denise Boyde, as well as (in 2010) nurses at Fulton State Hospital named Janette Latty and Jamie Waller; (3) he was slandered, ridiculed, and humiliated religiously; and (4) his reputation as an ordained minister was ruined. The District Court dismissed the action on January 29, 2018. The Eighth Circuit Court of Appeals affirmed the dismissal by the District Court on August 21, 2018. *Davidson v. Fulton State Hospital*, No. 18-1619 (8th Cir. 2018).

On February 9, 2018, plaintiff filed an action against Fulton State Hospital and Southeast Missouri Mental Health Center pursuant to 42 U.S.C. § 1983. *Davidson v. Fulton State Hospital*, No. 4:18-CV-247 RLW (E.D.Mo.). In his complaint, plaintiff asserted: (1) he was being wrongfully detained; (2) staff may have opened and read his mail, possibly including mail to and from the patent office, making the patent office believe he had abandoned his inventions and costing him millions in royalties; (3) he was being kept in the mental health facility voluntarily by his guardian because of a brain injury, his religion and his Native American heritage; and (4) his reputation as an ordained minister had been ruined. The District Court dismissed the action on June 8, 2018.

5

On July 17, 2019, plaintiff filed an action against Mark Stringer, Dr. Sternberg, Denise Hacker, Jaime Waller, Jannet Latty, Sonya Gammon, Stephanie Hintz and Dewanne Robertson pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. In his complaint, plaintiff asserted: (1) he was misdiagnosed as incapacitated in 2007 due to side effects of a medication called desmopressin; (2) Dr. Sternberg committed malpractice by failing to report he was taking desmopressin to the trauma center, thus he was prescribed desmopressin again and it lowered his sodium; and (3) he should be granted release from the Missouri Department of Mental Health due to the fact that he was no longer taking desmopressin. The District Court dismissed the action on November 13, 2019 pursuant to 28 U.S.C. § 1915(e)(2)(B). *Davidson v. Stringer*, No.2:19-CV-4148 BCW (W.D.Mo). The Eighth Circuit Court of Appeals affirmed the judgment of the District Court on June 8, 2020. *Davidson v. Stringer*, No. 19-3670 (8th Cir. 2020).

On July 23, 2019, plaintiff filed an action Dr. Sternberg, Mark Stringer, Jamie Waller, Jannet Latty, Denise Hacker, Denise Boyde, Sonya Gammon, Stephanie Hintz and Dewane Robertson in this Court pursuant to 42 U.S.C. § 1983. *Davidson v. Sternberg*, No. 4:19-CV-2148 RWS (E.D.Mo.). In his complaint, plaintiff asserted: (1) he was misdiagnosed as incapacitated in 2007 due to side effects of a medication called desmopressin; (2) Dr. Sternberg committed malpractice by failing to report he was taking desmopressin to the trauma center, thus he was prescribed desmopressin again and it lowered his sodium; (3) he should be granted release from the Missouri Department of Mental Health due to the fact that he was no longer taking desmopressin; (4) his mail was tampered with at Fulton State Hospital, as well as at Southeast Missouri Mental Health Center; and (5) his *Miranda* rights were violated at some unspecified time period. The District Court dismissed the action on January 24, 2020.

6

On October 9, 2020, plaintiff filed an action against Mark Stringer, Denise Hacker, Denise Boyd, Sonya Gammon, Stephanie Hintz, Dewane Robertson, Jaime Walley, Janet Latty and Fulton State Hospital in this Court pursuant to 42 U.S.C. § 1983. *Davidson v. Stringer*, No. 4:20-CV-1478 DDN (E.D.Mo.). In his complaint, plaintiff asserted: (1) he was entitled to restitution of a million because he should have gotten a settlement with regard to a medication known as desmopressin; (2) his rights were violated when his legal mail was tampered with by Denise Boyd, both at Fulton State Hospital and at the Mental Health Facility at Southeast Missouri Mental Health Center; (3) the alleged tampering with his legal mail did not allow him to pursue his work with the Patent and Trademark Office; and (4) he should be granted release from the Missouri Department of Mental Health due to the fact that he was no longer taking desmopressin. The District Court dismissed the action on January 11, 2021. The Eighth Circuit Court of Appeals dismissed the appeal for lack of jurisdiction on July 15, 2021. *Davidson v. Stringer*, No. 21-2298 (8th Cir. 2021).

On August 12, 2021, plaintiff filed an action against Ferring Pharmaceuticals and Dr. Sternberg pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. *Davidson v. Ferring Pharmaceuticals*, No. 2:21-CV-4156 BCW (W.D.Mo.). In his complaint, plaintiff asserted: (1) Dr. Sternberg committed medical malpractice and was negligent in his treatment of plaintiff in 2007 when relating to the administration of the drug desmopressin; (2) unnamed persons at Fulton State Hospital and Southeast Missouri Medical Center he was entitled to restitution of a million because he should have gotten a settlement with regard to a medication known as desmopressin; (2) his rights were violated when his legal mail was tampered with by Denise Boyd, both at Fulton State Hospital and at the Mental Health Facility at SMMHC; (3) the alleged tampering with his legal mail did not allow him to pursue his work with the Patent and Trademark Office; and (4) he should be granted release from the Missouri Department of

7

Mental Health due to the fact that he was no longer taking desmopressin. The District Court dismissed the action on August 26, 2021 pursuant to 28 U.S.C. § 1915(e)(2)(B).

On October 25, 2021, plaintiff filed an action against Ferring Pharmaceuticals and Dr. Sternberg pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. *Davidson v. Ferring Pharmaceuticals*, No. 2:21-CV-4205 BCW (W.D.Mo.). He states that in 2007, "while under the care of [Defendant Sternberg]…[he] was [prescribed] desmopressin and it [critically] lowered [his] sodium causing a seizure & fall head first." Plaintiff states he was then transported to a trauma center where he remained in a coma and when he awoke, he had amnesia and could not walk. Plaintiff alleges that while Dr. Sternberg discontinued desmopressin, he did not report that plaintiff was taking this medication. Therefore, plaintiff "was [prescribed it] again for six more years." Plaintiff does not state who prescribed the medication a second time. Regardless, since the medication was discontinued in 2018, plaintiff's sodium levels have been "excellent." Plaintiff states he is now in "full remission while medication compliant taking the [very] effective medication called clozaril" and is "not at all a threat to myself or others." Plaintiff sought payment from Ferring Pharmaceuticals and well as from Dr. Sternberg for negligence. The District Court dismissed the action on August 26, 2021, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff is a self-represented litigant who is under commitment at the SMMHC. He brings this action pursuant to 42 U.S.C. § 1983, alleging that his mail is being read without his knowledge and that he was prescribed the drug desmopressin in 2008 after having a reaction to it in 2007. Plaintiff believes this was unlawful. For the reasons discussed below, this action must be dismissed without prejudice.

8

### A.  Official Capacity Claims Against Defendants

Plaintiff has sued defendants in their official capacities only. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here defendants Mark Stringer and Denise Hacker are alleged to be employees of either SMMHC or the Missouri Department of Mental Health. Both are institutions run by the State of Missouri. As such, plaintiff's official capacity claims against these defendants are actually claims against the State of Missouri itself. Those claims fail because the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983, and because plaintiff's claims are barred by the Eleventh Amendment.

### i.  State of Missouri is Not a 42 U.S.C. § 1983 Person[2]

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich*

---

[2] Plaintiff has also named the State of Missouri as a defendant in this action. Pursuant to aforementioned, the claims against the State of Missouri are subject to dismissal.

*v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, plaintiff has sued employees of the Missouri Department of Mental Health for money damages. Those claims are treated as claims against defendants' employer, which is the State of Missouri. As noted above, a state is not a § 1983 "person" for purposes of such a claim. Because the State of Missouri is not a person, plaintiff is missing an essential element under § 1983. Therefore, these claims must be dismissed.

        **ii.**    **Sovereign Immunity**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

10

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65. A state will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable, because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable, because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect, and providing exceptions).

Here, plaintiff has sued employees of the State of Missouri in their official capacities. Such claims are treated as being made against the state itself. As noted above, however, the Eleventh Amendment bars suit against a state, and no exceptions to sovereign immunity are present in this case. Furthermore, while a state official may be sued in an official capacity for prospective injunctive relief, the Eleventh Amendment bars suit against a state official for monetary damages. *See Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (explaining that the

Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages, but that a state official may be sued in an official capacity for prospective injunctive relief); and *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment"). In this case, plaintiff is suing for money damages only, so sovereign immunity applies to plaintiff's official capacity claims. Therefore, plaintiff's official capacity claims against defendants must be dismissed.

### B. Individual Capacity Claims

Although plaintiff has not brought individual capacity claims against defendants Mark Stringer and Denise Hacker, the Court will nonetheless address these arguments in the alternative.

In his complaint, plaintiff contends that while he was at SMMHC someone at the facility tampered with his legal mail. This is the total of plaintiff's allegations with respect to his denial of mail.

Liability in a § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff alleges, in a wholly conclusory manner, that "defendants" interfered with his legal mail. However, plaintiff alleges no facts from which the Court can infer that any defendant regularly and unjustifiably interfered with his mail, or destroyed, withheld or refused to send any mail. It therefore cannot be said that plaintiff states a claim of constitutional magnitude against any defendant related to interference with mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (to state a claim under the First Amendment, a plaintiff must show a regular and unjustifiable interference with mail); *see also Zimmerman v.Tribble,* 226 F.3d 568, 572 (7th Cir. 2000) (allegations of sporadic and short-term delays and disruptions in mail are insufficient to state a claim under the First Amendment). Additionally, plaintiff does not allege facts permitting the inference that any defendant's action caused him to be deprived of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. It therefore cannot be said that plaintiff alleges a cognizable injury, as required to bring a claim premised upon the denial of access to the courts. *See Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis v. Casey*, 518 U.S 343 (1996)).

Plaintiff has also failed to show how each defendant was personally responsible for hindering him in the pursuit of "a nonfrivolous and arguably meritorious underlying legal claim."[3]

---

[3]To the extent he is asserting that all conduct was done by one of the named defendants, the Court has addressed plaintiff's contentions relative to prior named defendants in plaintiff's previous lawsuits. *See Davidson v. Southeast Mental Health Center*, No. 4:17-CV-2076 RLW (E.D.Mo); *Davidson v. Southeast Mental Health Center*, No. 4:17-CV-2078 ACL (E.D.Mo);  *Davidson v. Walker*, No. 2:17-CV-4147 FJG (W.D.Mo); *Davidson v. Fulton State Hospital*, No. 4:18-CV-103 RLW (E.D.Mo.); *Davidson v. Fulton State Hospital*, No. 4:18-CV-247 RLW (E.D.Mo.); *Davidson v. Sternberg*, No. 4:19-CV-2148 RWS (E.D.Mo.); and *Davidson v. Stringer*, No. 4:20-CV-1478 DDN (E.D.Mo.). The dismissal of these prior cases pursuant to 28 U.S.C. § 1915 review has a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions. *Waller v.Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

*See Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). Moreover, he has failed to show how each defendant was personally responsible for causing him an actual injury by demonstrating what legal claim they frustrated or impeded. *See White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (explaining that plaintiff must demonstrate that a nonfrivolous legal claim as been frustrated or is being impeded); and *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (explaining that a plaintiff must assert that he suffered an actual injury to pending or contemplated legal claims).

The Court also notes that plaintiff's "Statement of Claim" fails to provide sufficient factual allegations to raise his right to relief above the speculative level. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (stating that "factual allegations must be enough to raise a right to relief above the speculative level"). Instead, plaintiff has presented only labels and conclusions, and the recitation of the elements of a cause of action, which is not adequate to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

As for his medical claim, plaintiff asserts, in a wholly conclusory manner, that he was wrongfully prescribed desmopressin at SMHCC in approximately 2008 after having a reaction to it in 2007. At no point in his complaint does plaintiff attempt to connect each of the individually listed defendants with a specific violation of his constitutional rights. Furthermore, there is no indication in the complaint that any of the defendants engaged in deliberate indifference to plaintiff's serious medical needs.

"Deliberate indifference to the serious medical needs of a prisoner constitutes cruel and unusual punishment . . . and the Constitution prohibits state governments from inflicting such punishments." *Long v. Nix,* 86 F.3d 761, 765 (8th Cir. 1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). "A prima facie case alleging such deliberate indifference requires the inmate plaintiff to demonstrate that he suffered from an objectively serious medical need and that prison

officials actually knew of, but deliberately disregarded, that need." *Meuir v. Greene Cnty. Jail Employees*, 487 F.3d 1115, 1118 (8th Cir. 2007) (citation omitted). But "nothing in the Eighth Amendment prevents prison doctors from exercising their independent professional judgment." *Long*, 86 F.3d at 765. Further, plaintiff is not entitled to relief simply because a different medical professional may have diagnosed him differently. *White v. Farrier*, 846 F.2d 322, 327 (8th Cir. 1988). Moreover, "[p]rison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Long*, 86 F.3d at 765. Additionally, "[p]rison officials lacking medical expertise are entitled to rely on the opinions of medical staff regarding inmate diagnosis and the decision of whether to refer the inmate to outside doctors or dentists." *Holden v. Hirner*, 663 F.3d 336, 343 (8th Cir. 2011). More to the point, "[p]rison officials cannot substitute their judgment for a medical professional's prescription." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir 2002). Finally, the Eighth Circuit has held that "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.,* 512 F.3d 488, 499 (8th Cir. 2008). In this action, plaintiff has not alleged that defendants Stringer or Hacker engaged in deliberate indifference towards plaintiff's serious medical needs.

Moreover, the medical conduct which plaintiff complains appears to have occurred between 2007-2008, at the time when plaintiff was prescribed desmopressin at SMHCC. Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to § 1983 claims brought in Missouri. *Sulik v. Taney County, Mo.,* 393 F.3d 765, 766-67 (8th Cir. 2005) (citations omitted). Therefore, to the extent plaintiff attempts to bring

claims pursuant to § 1983 that accrued more than five years before the filing of the complaint, they are time-barred.[4]

Finally, to the extent plaintiff can be understood to seek release from confinement, such relief is available only through a petition for a writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that to the extent plaintiff's complaint contains state law claims, the Court declines to exercise jurisdiction over those claims. *See* 28 U.S.C. § 1367(c).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 31st day of August, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[4] Although plaintiff has not named Dr. Sternberg as a defendant in this action, to the extent he is seeking relief against Dr. Sternberg, his allegations would be subject to dismissal. Even if all of plaintiff's claims against Dr. Sternberg were timely, his assertions against would establish, at most, that he was negligent or committed medical malpractice. Such allegations do not state a claim of constitutional dimension. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) (the Constitution is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).