UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN BRYAN DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-897 JMB |
| | ) | |
| MARK STRINGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for reconsideration of the dismissal of this action. After reviewing the grounds raised by plaintiff, the Court will decline to alter or amend the judgment of this Court. The Court concludes that plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said to merely revisit old arguments.[1] Plaintiff is therefore not entitled to reconsideration of the dismissal of his complaint, and his motion will be denied.

Accordingly,

---

[1] Plaintiff attempts to argue that the Court misinterpreted the beginning date of the statute of limitations in this matter by asserting that he was not placed on the drug desmopressin in 2008. However, this Court takes judicial notice of plaintiff's previous assertions to this Court, as well as the United States District Court for the Western District of Missouri, where he claimed that he was misdiagnosed as incapacitated in 2007 due to side effects of desmopressin. Dr. Sternberg purportedly committed malpractice by failing to report that he was taking the drug desmopressin to a trauma center, and he was again prescribed the drug in 2008 for six more years. *See Davidson v. Walker*, No. 2:17-CV-4147 FJG (W.D.Mo.); *Davidson v. Stringer*, No. 2:19-CV-4148 BCW (W.D.Mo); *Davidson v. Sternberg*, No. 4:19-CV-2148 RWS (E.D.Mo); *Davidson v. Stringer*, No. 4:20-CV-1478 DDN (E.D.Mo.); *Davidson v. Ferring Pharmaceuticals*, No. 2:21-CV-4156 BCW (W.D.Mo.); and *Davidson v. Ferring Pharmaceuticals*, No. 2:21-CV-4205 BCW (W.D.Mo.). Even if, as plaintiff asserts, the statute of limitations did not start until 2012, he was aware of the effect of the desmopressin as early as August 11, 2017, when he began filing lawsuits regarding his issues with being represcribed desmopressin. *See Davidson v. Walker,* No. 2:17-CV-4147 FJG (W.D.Mo). Thus, the current action would still be time-barred, as it was not placed in the mail at Southeast Mental Health Center until August 23, 2022.

2

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of his complaint [ECF No. 7] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 23rd day of September, 2022.

                                                           HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE